FILED
U S DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 22 2016

JAMES W McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

| | | |
|---|---|---|
| JULIO ALEMAN | CASE NO. 2:16-cv39 | PLAINTIFF |
| SUMMERS TRUCKING, INC., and REGINALD HALE | | DEFENDANTS |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Julio Aleman, complaining herein of Defendants Summers Trucking, Inc. and Defendant Reginald Hale (hereinafter collectively referred to as "Defendants"), and for cause of action states:

### I.

### PARTIES

1.  Plaintiff Julio Aleman is a resident of La Joya, Hidalgo County, Texas.

2.  Defendant Summers Trucking, Inc. is an Arkansas corporation with its principal office and place of business located in Alma, Arkansas. Defendant Summers Trucking, Inc. may be served with process by serving its registered agent, Jerry Summers, 1628 Mountain Grove Road, Alma, Arkansas 72921.

3.  Defendant, Reginald Hale, died on July 22, 2014. At the time of his death, Defendant Reginald Hale resided Mulberry, Crawford County, Arkansas. Upon information and belief, no probate was initiated for Defendant Hale in the county where he died or where his property was located. Accordingly, there is no executor or

This case assigned to District Judge Moody
and to Magistrate Judge Kearney

administrator to be made a party in this proceeding as the personal representative at this time.

4. The Plaintiff intends to move the Court to appoint Defendant Reginald Hale's surviving spouse, Beverley Hale, as Special Administratrix to be substituted for deceased Defendant Reginald Hale pursuant to Arkansas Rule of Civil Procedure 25 and Ark. Code Ann. §§ 16-62-106 and 107.

## II.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction of Plaintiff's claims in this Complaint pursuant to 28 U.S.C. §§ 1332 because the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states.

A substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in Saint Francis County, Arkansas. Venue in this Judicial District is therefore proper pursuant to 28 U.S.C §1391(b)(2), and 28 U.S.C § 83(a)(1).

6. All conditions precedent to filing this suit have been performed.

## III.

## FACTUAL BACKGROUND

7. On or about March 26, 2014, Plaintiff Julio Aleman was traveling East on Interstate 40, in Saint Francis County, Arkansas.

8. During that same time, Defendant Reginald Hale was operating a commercial vehicle in the course and scope of his employment with Defendant Summers Trucking, Inc.

9. Defendant Hale was also traveling East on Interstate 40, behind Plaintiff Aleman, when he failed to control his speed and struck Plaintiff's vehicle causing the collision.

10. Defendant Hale's acts and omissions constituted Negligence, and they caused serious bodily injury to Plaintiff.

## IV.

## CAUSES OF ACTION

### A. NEGLIGENCE

11. Plaintiff adopts the allegations of the above-listed paragraphs and incorporates the same where relevant.

12. Transportation providers such as the Defendant Summers Trucking, Inc. have a duty to take reasonable precautions to prevent injuries to members of the public, like the Plaintiff, with respect to drivers who provide transportation for them. Among other things, transportation providers owe a duty to the public to ascertain the qualifications and competence of the drivers they retain and entrust with their vehicles.

13. Similarly, Defendant Summers Trucking, Inc. retained the right of supervision and control over their employee/driver Defendant Hale. Yet, on information and belief, Defendant Summers Trucking, Inc. failed to train Defendant Hale adequately, and failed to monitor, supervise or control his activities.

14. Therefore Defendant Summers Trucking, Inc. is guilty of acts and/or omissions which constituted Negligence. Specifically, Defendant Summers Trucking, Inc. is guilty of acts and/or omissions including, but not limited to, the following:

    A.    Negligent entrustment;

    B.    Negligent supervision;

    C.    Negligent hiring / retention / training; and

    D.    Negligence *Per Se.*

### B. RESPONDEAT SUPERIOR

15. Plaintiff adopts the allegations of the above-listed paragraphs and incorporates the same where relevant.

16. At and immediately before the occurrence in question, Defendant Hale was an employee/driver of Defendant Summers Trucking, Inc. and the vehicle Defendant Hale was operating was either owned or leased by Defendant Summers Trucking, Inc. and provided to Defendant Hale for the furtherance of his job duties.

17. At and immediately before the occurrence in question, Defendant Hale was guilty of acts and/or omissions which constituted Negligence. These acts and/or omissions include, but are not limited to, the following:

    A.    Failing to keep a proper lookout;

    B.    Failing to avoid the incident in question;

    C.    Driver inattention;

    D.    Failing to take proper evasive action;

    E.    Failing to control speed;

    F.    Failing to operate the vehicle as a reasonable and prudent person would have done under the same or similar circumstances; and

    G.    Negligence *Per Se*, as described more thoroughly below.

18. Each of the above-mentioned acts or omissions constituted negligence which was the proximate cause or causes of the occurrence in question and the resulting damages sustained by the Plaintiff herein.

19. Defendant Hale was acting on behalf of the Defendant Summers Trucking, Inc. within the course and scope of his duties of employment. Accordingly, the Defendant Summers Trucking, Inc. is vicariously liable for the actions and negligence of their employee, Defendant Reginald Hale, under the theory of *Respondeat Superior.*

### C. NEGLIGENCE *PER SE*

20. Plaintiff adopts the allegations of the above-listed paragraphs and incorporates the same where relevant.

21. Moreover, on information and belief, Defendant Hale violated the statutes and/or ordinances of one or more public authorities, the State of Arkansas and/or federal law, which statutes, ordinances and regulations were promulgated to protect a class of persons of which the Plaintiff was a member, at the time of the collision. Therefore, Defendant Reginald Hale was Negligent *Per Se.* These violations include, but are not limited to, the following:

> (a) (1) No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing.
>
> (2) In every event, speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care.
>
> Ark. Code Ann. § 27-51-201.

V.

## DAMAGES

22. As a result of the improper conduct of the Defendants, Plaintiff Julio Aleman has sustained damages in the past and in all reasonable probability will continue to sustain damages in the future for:

- A. Past medical expenses in the amount in excess of the jurisdictional limits of the Court;

- B. Future medical expenses in excess of the minimum jurisdictional limits of the Court;

- C. Past and future physical disability in excess of the minimum jurisdictional limits of the Court;

- D. Past and future pain and suffering and mental anguish in excess of the minimum jurisdictional limits of the Court;

- E. Lost wages and loss of earning capacity in the past and the future; and

- F. Disfigurement.

VI.

## PRAYER

**FOR THE REASONS STATED,** Plaintiff prays that Defendants be cited in terms of law to appear and answer herein and that Plaintiff, upon final trial of this cause, have judgment against Defendants in an amount in excess of the minimum jurisdictional limits of this Court, for costs of Court, pre-judgment and post-judgment interest at the highest legal rate, for the recovery of actual damages, and for such other and further relief, both special and general, to which Plaintiff may be entitled, in that of law and equity.

Respectfully Submitted,

*[signature]*

**MATTHEW B. FLANERY** *Lead Attorney*
Arkansas State Bar No. 2016017
**DARREN GRANT**
Arkansas State Bar No. 2016016
**GRANT & FLANERY, P.C.**
216 W. Erwin, Suite 200
Tyler, Texas 75702
(903) 596-8080 (Telephone)
(903) 596-8086 (Facsimile)
Matt@GFTexas.com

**ATTORNEYS FOR PLAINTIFF**

**PLAINTIFF RESPECTFULLY DEMANDS A TRIAL BY JURY**